MAYNARD HOWELL v. SOUTHERN RAILWAY COMPANY.

(Filed 12 October, 1910.)

**Evidence—Accident—Nonsuit.**

> This case, wherein plaintiff was injured by a railroad rail drop-
> ping on his foot while he was carrying rails in defendant's em-
> ployment, is governed by *Brookshire v. Electric Co.*, 152 N. C.,
> 669, and a judgment as of nonsuit upon the evidence should have
> been granted.

APPEAL from *O. H. Allen, J.*, at the May Term, 1910, of
JOHNSTON.

Civil action to recover damages for alleged negligence. The
defendant in apt time made motion to nonsuit, which was over-
ruled. Defendant excepted and appealed.

There was a verdict and judgment for plaintiff, and defendant
appealed.

*J. A. Wellons, Aycock & Winston* for plaintiff.
*Abell & Ward* for defendant.

PER CURIAM. The evidence, taken in its most favorable view
for the plaintiff, tends to prove that plaintiff and three other
employees of defendant, Worley, Faucett and Stevens, were sent
by the section foreman after a guard rail. No tools were given
or requested and there is no evidence that such tools are in gen-
eral use. Plaintiff states that the usual method of carrying rails
is with the hands.

On way back with the rail Faucett and Stevens carried one
end, Worley and plaintiff the other end. The end carried by
Faucett and Stevens was dropped and that jerked the other end
and it fell on plaintiff's foot.

In *Brookshire v. Electric Co.*, 152 N. C., 669 (a defendant to
which the fellow servant act, Revisal, sec. 2646, is applicable)
we have a case on all fours with this, in which we held the cas-
ualty to be the result of an accident and no evidence of negli-
gence.

In operations of this character such accidents are not uncom-
mon and are difficult to guard against.

The Superior Court should have sustained the motion to non-suit and dismissed the action.   It is so ordered.

Reversed.