OSCAR WARWICK, by his next friend, v. LUMBERTON COTTON OIL & GINNING COMPANY.

(Filed 19 October, 1910.)

**Master and Servant—Safe Place to Work—Knowledge of Servant— Evidence—Nonsuit.**

It appearing that plaintiff was employed in defendant's cotton seed mill, among other things, to throw cotton seed into a hole in a conveyer running the entire length of the seed house in a straight line in its center, located about two and one-half feet

WARWICK *v.* GINNING COMPANY.

above the floor, being box-shaped, within which there was a re-
volving screw which carried the cotton seed away, the holes in
the conveyer being 12 x 18 inches, and fitted with boards for open-
ing and closing them; that implements had been furnished with
which to throw the seed in these holes, but that while plaintiff
was doing this with his hands, leaning or standing on a pile of
seed, the seed slipped or gave way, causing plaintiff's foot to slip
within the conveyer, causing the injury complained of; and that
plaintiff was permitted to do this work in his own way. *Held,*
There being no special knowledge required to do the work, or
complicated machinery, the doctrine that the master should have
provided a safe place to work has no application, and a motion of
nonsuit should have been allowed.

APPEAL from *W. R. Allen, J.,* at the May Term, 1910, of
ROBESON.

These issues were submitted:

1. Was the plaintiff Oscar Warwick in the employ of the de-
fendant at the time of the injury alleged in the complaint?
Ans., Yes.

2. Was the injury received by plaintiff caused by the negli-
gence of the defendant, as alleged in the complaint?   Ans., Yes.

3. Did the plaintiff, by his own negligence, contribute to his
own injury?   Ans., No.

4. Did the plaintiff voluntarily assume the risk involved in
feeding the conveyer by assuming a position which he knew was
dangerous?   Ans., No.

5. What damage, if any, is the plaintiff entitled to recover of
the defendant on account of its negligence?   Ans., $4,000.

From the judgment rendered the defendant appealed.

*Wishart, Britt & Britt* for plaintiff.
*McIntyre, Lawrence & Proctor* for defendant.

BROWN, J.   Upon the trial below the defendant moved to non-
suit.   The refusal of this motion constituted the only assign-
ment of error necessary to consider.

The testimony tends to prove that plaintiff at the time of the
injury was working in defendant's oil mill and got his foot in
the conveyer whereby he was seriously injured.   This conveyer
consists of a wooden box, about eighteen inches square, within
which is a rapidly revolving iron screw, by means whereof the

WARWICK *v.* GINNING COMPANY.

cotton seed are conveyed from the seed house to the screens to be cleaned and from thence to the gins to be reginned and from thence to other parts of the plant. The conveyer is located about 2 1-2 feet above the floor and runs in a straight line through the centre of the seed house and for the entire length thereof—some hundred or more feet. At intervals of six feet along the top of the conveyer there are holes 12x18 inches, through which the seed are fed into it. When a hole is not in use, a board is fitted back over the opening and the opening closed up. It is admitted the conveyer and mill are properly constructed.

The room in which this conveyer was situated was full of heated cotton seed and the office of the conveyer is to convey them elsewhere in the mill to be crushed. These cotton seed were piled up all around the conveyer and at the time of the injury plaintiff was standing or leaning upon a pile of seed feeding the conveyer. The seed slipped or gave way and plaintiff's foot was thrown into the conveyer and injured.

It was not denied by plaintiff but that defendant furnished shovels and seed forks for use in shoveling seed into the conveyer, and it was admitted by plaintiff that at the time he received the injury he was standing upon the seed with his foot elevated two feet immediately above the opening to the conveyer, and that he was raking in the seed with his hands and not using the tools provided for that purpose. We are unable to see any evidence of negligence upon the part of the defendant.

The business required that the room be used for storing seed; the purpose of the conveyer as a labor-saving device required that the seed be all around and about it. There is no special knowledge required to throw the seed in a hole. There was no complicated machinery committed to plaintiff's care. He had equal knowledge of the conditions with defendant, and was allowed to do his work in his own way. We have repeatedly held that while an employer of labor is required to provide for his employees a reasonably safe place to work, this rule does not apply to ordinary every-day conditions, requiring no special care, preparation or provision, where the defects are readily observable, and where there is no good reason to suppose the injury

complained of would result." *House v. R. R.*, 152 N. C., 398.
The rule is well stated by *Mr. Justice Connor* in *Covington v. Fur. Co.*, 138 N. C., 377. "The general rule of law is that when the danger is obvious, and is of such a nature that it can be appreciated and understood by the servant as well as by the master or by any one else, and when the servant has as good an opportunity as the master or anyone else of seeing what the danger is, and is permitted to do his work in his own way and can avoid the danger by the exercise of reasonable care,. the servant cannot recover against the master for the injuries received in consequence of the conditions of things which constituted the danger. If the servant is injured, it is from his own want of care. This rule is especially applicable when the danger does not arise from the defective condition of the permanent ways, works or machinery of the master, but from the manner in which they are used, and when the existence of the danger could not be well anticipated, but must be ascertained by observation at the time."

The plaintiff voluntarily got on the pile of seed and was throwing the seed into the conveyer with his hands. He was not directed by the defendant to assume the position he was in or to use his hands in place of the shovel provided for the purpose. It is highly probable that had the plaintiff used the tools provided he would not have been hurt. At any rate we are unable to see from plaintiff's own evidence that the defendant failed to perform any duty it owed him.

The unfortunate injury was plainly the result of an accident against which ordinary foresight could not guard. *Brookshire v. Electric Co.*, 152 N. C., 669.

The motion to nonsuit should have been allowed and the action dismissed. It is so ordered.

Reversed.