## LEE OWENBY v. POWER COMPANY.

(Filed 25 June, 1927.)

**Negligence—Evidence—Nonsuit—Master and Servant—Employer and Employee—Safe Place to Work.**

> Evidence tending to show that plaintiff was defendant's workman in the construction of a building when snow was on the ground, and while engaged in the scope of his employment was injured by his foot slipping upon the ice and snow tracked into the building by the workmen therein, causing plaintiff to drop a heavy plank he was lifting upon his foot and injuring it: *Held,* insufficient to take the case to the jury upon the defendant's actionable negligence, and defendant's motion as of nonsuit thereon should have been sustained.

APPEAL by defendant from *Stack, J.,* at January Term, 1927, of CHEROKEE. Reversed.

The plaintiff alleged that on or about 14 March, 1926, the defendant was constructing a large warehouse and that certain timbers and waste material had accumulated on the floor of the building; that on the day of his injury the plaintiff was directed by the foreman of defendant to move said timbers; that on the day of his injury there was snow upon the ground, and that snow had been tracked into the building where the timbers were by the workmen engaged upon the building. Plaintiff alleged: "That plaintiff lifted one of said pieces of timber, a green pine board about 2 x 8, and about 16 feet long, and very heavy, when the plaintiff's right foot slipped upon said ice and snow and plaintiff fell with said heavy piece of timber, falling upon and across the plaintiff's left foot and seriously mashing and crushing plaintiff's said left foot."

Issues of negligence, contributory negligence, assumption of risk and damages were submitted to the jury, and answered in favor of plaintiff.

The jury awarded as damages the sum of $1,500. From the judgment upon the verdict the defendant appealed.

*Moody & Moody for plaintiff.*
*R. L. Phillips for defendant.*

9—194

Brogden, J. The plaintiff's narrative of his injury is as follows: "There was snow and ice on the floor. The foreman told me to come down and take this timber out into the other end of the house, and I came down and undertook to take the timber out into the other end of the house, and my foot slipped when I picked the timber up. The timber was so heavy when I got up with it my foot slipped on under me. I dropped it on my foot. . . . No one was helping me. There was snow and ice on the floor, almost all over it—that is ice. The building had a roof on it, but the snow was about eight inches on the outside, and this snow was carried in by traffic back and forth on the timber and tracked in there. It had frozen after it was carried in. The foreman was right by me when he told me to remove the timber. He was in plain view of the floor. . . . There was no place to stand to lift this timber except on the ice and snow. . . . The snow and ice was carried in by men coming in and out and on the timbers. . . . Timber was carried in all along during the work. In the traffic you would carry in snow on the feet; you couldn't help it. A certain amount of snow would stay on the timber. . . . I could see the condition of the floor when I came down to remove those timbers just as well as the other men who told me to move them."

The foregoing recital contains substantially all the evidence in the case except evidence as to the extent of plaintiff's injury. From this testimony the determinative question is, whether or not there was any evidence of negligence to be submitted to the jury, viewing the testimony with that broad liberality which the law requires upon motions of nonsuit.

It will be observed that there was no defect in the floor itself, and that the injury to plaintiff, according to his testimony, was caused and brought about by the fact that his foot slipped after he picked up the plank. The work itself was very simple, consisting solely in picking up plank in one part of the building and moving it to another. The only evidence of negligence, therefore, consists in the fact that there was snow upon the ground, and that the workmen in going in and out the building, carried snow on their feet, and that this snow caused plaintiff's foot to slip.

In *Warwick v. Ginning Co.*, 153 N. C., 262, this Court said: "We have repeatedly held that while an employer of labor is required to provide for his employees a reasonably safe place to work, this rule does not apply to ordinary every-day conditions, requiring no special care, preparation or provision, where the defects are readily observable, and where there is no good reason to suppose the injury complained of would result." Also in *Brown v. Scofields Co.*, 174 N. C., 4, *Brown, J.*,

speaking for the Court, said: "The place where plaintiff was standing when hurt was not a *'place'* within the legal signification of that term. It was a condition liable to change at any moment whenever the prosecution of the work required plaintiff to change his position. The defendant's foreman could not possibly be aware of such changing conditions unless he was personally present all the time and exercising that vigilance for plaintiff which the law required him to exercise for himself. . . . If the drastic rule contended for by the plaintiff is held to be good law, it would be almost impossible to construct an ordinary house without constituting the owner or builder an insurer of his employees against those ordinary accidents that are incident to such work."

. It is apparent, we think, that the presence of the snow and ice upon the floor was an incident of the progress of the work. Plaintiff testified that the workmen could not help carrying the snow in the building on their feet. The fact that workmen brought snow in on their feet was a common every day condition, and the plaintiff, under the conditions existing at the time, was as capable of ascertaining the danger and of protecting himself against mishap as the foreman or employer. This case differs in principle from that line of cases in which a permanent place of work becomes unsafe by reason of oil or grease, or shavings or obstructions negligently permitted by the employer to accumulate, or where the employer has failed to erect railings or take adequate precaution to guard dangerous places.

In its final analysis, the plaintiff picked up a piece of plank and his foot slipped upon the snow tracked into the building by workmen, and he dropped the plank upon his foot, causing injury. In the words of *Howell v. R. R.,* 153 N. C., 184: "In operations of this character such accidents are not uncommon and are difficult to guard against."

We therefore hold that the motion for nonsuit should have been sustained.

Reversed.