## W. A. GODDARD v. SOUTHERN DESK COMPANY.

(Filed 16 June, 1930.)

**Master and Servant C b—In this case held: evidence failed to show negligent failure of employer to provide reasonably safe place to work.**

Where in an action to recover damages for a personal injury sustained by the plaintiff, the evidence tends only to show that the plaintiff's foot slipped upon a cross-tie while employed in loading a log upon a carriage operated on rails, causing the injury in suit: *Held*, a judgment as of nonsuit was properly entered under the general principle that an employer's duty to provide an employee a safe place to work does not apply to "ordinary, everyday conditions" readily observable, where there is no reason to suppose that injury would result.

APPEAL by plaintiff from a judgment of nonsuit by *Stack, J.,* at January Term, 1930, of CATAWBA. Affirmed.

*D. L. Russell for plaintiff.*
*Thos. P. Pruitt and E. B. Cline for defendant.*

ADAMS, J. In connection with its business of manufacturing desks, opera chairs, and church pews the defendant operated an "out-door saw-mill." The plaintiff, one of its employees, assisted in sawing the logs and bearing the lumber from the carriage. The wheels of the carriage moved back and forth upon iron rails which rested upon and were fastened to crossties by spikes. The logs were held upon the carriage by dogs or hooks. The basic allegations of the plaintiff's suit are that when in the act of placing a log upon the carriage he put his right foot upon the end or near the end of a crosstie, slipped, and fell, and that before he could get up the carriage ran against his leg and inflicted serious and permanent injury as a result of the defendant's negligent failure to provide for the plaintiff a reasonably safe place in which to do his work. It is specifically alleged that the defendant was negligent in failing to put a floor upon the crossties; but it is not alleged that the defendant knowingly or carelessly employed incompetent fellow-servants.

The two exceptions to the exclusion of evidence are so clearly untenable as to require no discussion; and the judgment of nonsuit must be affirmed upon the general principle that an employer's duty to provide for an employee a reasonably safe place in which to work does not apply to "ordinary everyday conditions" where the situation is readily observable and there is no reason to suppose that injury will result. *Smith v. Ritch,* 196 N. C., 72; *Bunn v. R. R.,* 169 N. C., 648. According to the allegation and the evidence the plaintiff's fall was due to the fact that his foot slipped from the end of a crosstie. Judgment is

Affirmed.