J. P. CRISP v. KITCHIN LUMBER COMPANY.

(Filed 20 August, 1930.)

**Master and Servant C b—Where failure to furnish tool is not shown to be cause of injury and injury could not be foreseen, master is not liable.**

An employer is not liable in damages to his employee for unanticipated accidents or for failure to furnish an implement when it is purely speculative as to whether the injury would have occurred had it been furnished.

CIVIL ACTION, before *Moore, J.,* at January Term, 1930, of GRAHAM. At the conclusion of plaintiff's evidence there was judgment of nonsuit.

*Morphew & Morphew and Moody & Moody for plaintiff.*
*R. L. Phillips for defendant.*

PER CURIAM. In substance the case is this: The plaintiff and other workmen were engaged in removing trees, logs, stumps and rocks from the right of way of a proposed lumber road. The foreman directed the plaintiff to assist in rolling a large chestnut log down the hill. There was a limb under the log, which, according to the evidence, projected about two feet beyond the log. When the log began to roll the limb was thereby released and flew up and hit plaintiff on the hip, inflicting injury. There was nothing to indicate to the foreman that the limb was likely to cause injury.

The evidence leaves upon us the impression that the injury was the result of a mishap which sometimes creeps into the day's work without fault or negligence on the part of anybody. For such, the law creates no liability.

The plaintiff insists that a "peavey" was a tool approved and in general use for moving logs, and that if such an instrument had been furnished he would not have been injured, but a "peavey" would not have prevented the limb from flying up upon being released from the log. This contention, therefore, is sheer speculation, based upon the theory that the plaintiff would have been at the end of the "peavey" handle and out of reach of the flying limb. He might have been so situated at the time or might not, depending upon the progress of the work.

Reviewing the entire record, we are of the opinion that the judgment of nonsuit was properly entered.

Affirmed.