JOHN MILLER v. GLOBE MANUFACTURING COMPANY.

(Filed 17 February, 1932.)

**Master and Servant C b—Held; evidence disclosed that injury was from accident that could not have been foreseen, and nonsuit was proper.**

Evidence that the plaintiff's injury was caused by his stepping on a small dowel pin swept up with other odds and ends on the floor of the manufacturing plant where he was engaged at work tends to show an injury from an accident which could not have been reasonably foreseen by his employer, and a judgment as of nonsuit will be sustained on appeal.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at March-April Term, 1931, of GUILFORD.

Civil action to recover damages for an alleged negligent injury, tried in the municipal court of the city of High Point where the case was nonsuited and judgment affirmed on appeal to the Superior Court of Guilford County.

The evidence tends to show that plaintiff was employed by the defendant to work in the cabinet room of its manufacturing plant, and on 5 October, 1928, while carrying an arm full of china-closet posts or legs—each being about four feet long—he stepped on a dowel pin, a small piece of wood about an inch and one-half long, which caused him to fall and break his leg. There was an accumulation of trash on the floor "just a little of everything, shavings, dowel pins and just little pieces of stuff that is cut off of furniture," which were swept up in piles from all around the room. Plaintiff testified on cross-examination: "The reason that I stepped on it was not because the dowel pin was so small that I could not see it. I was not looking."

From a judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.

*Walser & Casey and Phillips & Bower for plaintiff.*
*Peacock & Dalton and Biggs & Broughton for defendant.*

STACY, C. J. Plaintiff's injury seems to have resulted from one of those unfortunate accidents which was not anticipated and could not have been foreseen in the exercise of a reasonable prevision on the part of the defendant. Therefore, under the principles announced in *Goddard v. Desk Co.,* 199 N. C., 22, 153 S. E., 608, *Crisp v. Lumber Co.,* 199 N. C., 343, 154 S. E., 311, *King v. Power Co.,* 198 N. C., 86, 150 S. E., 711, and *Warwick v. Ginning Co.,* 153 N. C., 262, 69 S. E., 129, the judgment will be upheld.

Affirmed.