COOKE *v.* TEA CO.

---

ERNEST H. COOKE v. THE GREAT ATLANTIC AND PACIFIC TEA
COMPANY AND A. T. SHEPARD.

(Filed 5 April, 1933.)

**Negligence A c—Plaintiff must show negligence on part of store in
order to recover for injuries sustained in fall therein.**

Neither the owner nor the manager of a store is an insurer of the
safety of its customers, and in order for a customer to recover for in-
juries resulting from slipping and falling on a banana peeling on the
floor of the store he must establish negligence.

APPEAL by plaintiff from *Barnhill, J.,* at October Term, 1932, of
GRANVILLE. Affirmed.

This is an action to recover damages for personal injuries caused by
the negligence of the defendants.

On Saturday night, 24 October, 1931, the plaintiff while leaving the
store of the defendant, the Great Atlantic and Pacific Tea Company, in
Oxford, N. C., where he had purchased of the said defendant groceries
and other merchandise, stepped on a banana peeling which was lying
on the floor just outside the door, slipped and fell. The banana peeling
was on the floor of the entrance to the store from the sidewalk, about 18
inches from the door. The door was 5 or 6 feet from the sidewalk.
There were many customers in the store at the time of the accident.
Defendant's clerks and salesmen were busy waiting on these customers.
The defendant had bananas in its store as a part of its stock of mer-
chandise. The defendant, A. T. Shepard, was the manager of the store,
and in charge of the business of his codefendant.

There was no evidence tending to show who threw the banana peeling
on the floor of the entrance to the store, just outside the door, or how
long the banana peeling had been there before the plaintiff stepped on it,
slipped and fell. There was evidence tending to show that plaintiff was
injured by his fall, and that he sustained damages resulting from his
injuries.

At the close of the evidence for the plaintiff, the action was dismissed
by judgment as of nonsuit, and plaintiff appealed to the Supreme Court.

*T. Lanier for plaintiff.*
*Guthrie & Guthrie for defendants.*

PER CURIAM. There was no evidence at the trial of this action tending
to show that the plaintiff was injured by the negligence of the defend-
ants, or of either of them.

Neither defendant was an insurer of the plaintiff, while he was in the store as a customer, or while he was leaving with the groceries and merchandise which he had purchased in the store. *Bowden v. Kress,* 198 N. C., 559, 152 S. E., 625. In the absence of any evidence tending to show that the defendants were negligent, there was no error in the judgment dismissing the action as of nonsuit. The judgment is

Affirmed.