## ALLISON v. GREAT ATLANTIC & PACIFIC TEA CO. et al.

### No. 4393.

Circuit Court of Appeals, Fourth Circuit.

Oct. 20, 1938.

T. L. Kirkpatrick, of Charlotte, N. C. (H. L. Taylor, of Charlotte, N. C., on the brief), for appellant.

F. Grainger Pierce, of Charlotte, N. C. (Guthrie, Pierce & Blakeney, of Charlotte, N. C., on the brief), for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

On March 11, 1931, the appellant, an employe of the Great Atlantic and Pacific Tea Company, in its bakery plant at Charlotte, North Carolina, fell down the stairway in the plant and sustained alleged injuries therefrom. To recover damages therefor she sued the Company and one Victor L. Reitz, alleged to be the superintendent of its plant, as joint tort feasors in a court of the State of North Carolina. The plaintiff and individual defendant, Reitz, being citizens of North Carolina, the Company, an Arizona corporation, removed the case to the United States District Court for the Western District of North Carolina as a separable controversy between it and the plaintiff, under

the authority of 28 U.S.C. § 71, 28 U.S.C. A. § 71, its petition alleging that the relations of the defendant, Reitz, to the Company and to the plaintiff were such that he had no legal responsibility to her and that he had been fraudulently joined in the suit for the purpose of preventing removal to the federal court. There, in due course, the plaintiff moved to remand the case denying the essential allegations of the petition for removal, and after hearing such proof as was offered on the issues made, the District Judge refused to remand the case.

Upon the conclusion of the testimony for both parties on the recent trial of the case upon its merits, the District Judge directed the jury to find a verdict for the defendants, on the ground that the plaintiff had failed to show any negligence with regard to the construction or maintenance of the stairway where the plaintiff fell. The plaintiff's appeal presents only two points for consideration: (1) Whether refusal to remand the case was proper and (2) whether there was any substantial evidence of the defendants' negligence. In our opinion there was no error in either ruling.

■ As to the refusal to remand the case to the State Court, we do not find in the record the order passed by the District Judge thereon and are not informed as to the precise grounds of the ruling; but the proof bearing on the point in the record was quite sufficient to establish the essential grounds for the removal as set out in the Company's petition therefor. The defendant's negligence as alleged in the plaintiff's complaint with respect to the stairway related principally to asserted defects in construction, although negligence was also alleged with respect to the maintenance of the stairway in that it was said that it had been left in a greasy condition due to improper washing. The proof, however, tended to show that the defendant Reitz, a foreman of the bakery plant and not the defendant company's general superintendent, had not been employed by the Company until some years after the original construction of the building and stairway therein; and had no duties with respect to their maintenance and was in fact not present at the time the plaintiff sustained her fall. It was a reasonable inference from the proof that Reitz had not been joined as a defendant in good faith but only for the purpose of preventing the removal of the case to the federal court. In consequence the District Judge clearly was correct in refusing to remand the case. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144; Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 190, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904; Clancy v. Brown, 8 Cir., 71 F.2d 110; Johnson v. Lumber Co., 189 N.C. 81, 126 S.E. 165; Cox v. Lumber Co., 193 N.C. 28, 136 S.E. 254; LaNeve v. Great Atl. & Pac. Tea Co., 207 N.C. 281, 176 S.E. 560.

■ Nor was there any error in directing the verdict for the defendants. On the whole testimony there was no substantial evidence of the defendant's negligence. The building in which the plaintiff worked had been newly and substantially constructed in 1928 and the stairways were of cement and iron in accordance with approved practice. There was no evidence of any defect in their construction or of similar accidents happening to other employes at any time. And with respect to the alleged improper washing of the steps causing a slippery condition, the only testimony was that of the plaintiff and her mother, also an employe of the defendant company. The plaintiff, a young married woman 16 years of age, had been employed at the plant for several months before her fall, daily using the stairways. She said: "I had already gone down about two steps when I stepped on something slippery, and I fell. The steps were slippery, or that particular step was slippery. I did not know at the time I stepped on it that it was slippery, they appeared quite safe. Then I fell backwards, and slipped, and I fell all the way down the steps. * * * When I was getting back to my feet the nigger janitor, Frank Martin, was approaching me with the mop and mop bucket still in his hand, but Mr. Butler came along about the same time and the nigger didn't touch me. I saw the nigger janitor with the mop and bucket still in his hand but I was in such pain I did not look at the steps any more." The plaintiff's mother did not see her daughter fall and did not observe the stairway until some hours later in the day. She said: "I seen where my daughter skeed on the steps with her heel; and slid down astride of that iron rod, the pipe was fastened to it, it was an iron rod at each landing and when she skeed and feel astraddle of it, and if she hadn't fell astraddle of it she

would have fell down about the third flight. She fell down astraddle of it and struck her right in here. The scars where my daughter had skidded looked like it was just all over the step, plum down the steps, you know how your heel will skee that way. * * * My daughter's heel made a scar on those cement steps where she fell and skeed, you know when water or soap or something has been and you skeed that way there make a mark. That mark was on two steps."

This testimony was not sufficient to show negligence of the defendants. The plaintiff's own statement that the step on which she fell was slippery was obviously only her deduction from the fact that she fell, and her testimony with that of her mother as to the skid marks on the stairway from the heel of the plaintiff's shoe was as consistent with the inference that the plaintiff's fall was due to a poorly constructed heel on her shoe as with an inference that the step was in fact slippery. Even if the testimony were sufficient to show that the fall was due to a slippery condition of the steps, there was nothing to show what caused the steps to be slippery or how long that condition had existed, and nothing whatever to indicate that the slippery condition at the time of the plaintiff's fall was known to any representative of the defendant company or attributable to any of its agents. The nearby presence of the janitor with a mop and bucket was quite insufficient to show that the steps had been recently washed or if so had been left slippery in consequence of washing. On the contrary there was positive and apparently uncontradicted evidence on behalf of the defendant that the stairway was washed only on Saturdays (with Dutch Cleanser powder and not soap) when the plant was not in operation, while the plaintiff's accident occurred on a Wednesday.

Since Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, we are to apply the North Carolina statute and case law in determining the rights and duties of the plaintiff and the defendant company, in their relationship of employer and employe; and if it be assumed that the sufficiency of the plaintiff's evidence to make out a prima facie case is to be tested by North Carolina decisions, we find no support for the plaintiff's position thereunder. Bohannon v. Stores Co., 197 N.C. 755, 150 S.E.

356; Owenby v. Power Co., 194 N.C. 129, 138 S.E. 529; Brown v. J. S. Scofields Sons Co., 174 N.C. 4, 93 S.E. 381; King v. Printing Co., 203 N.C. 478, 166 S.E. 325; Miller v. Manufacturing Co., 202 N.C. 254, 162 S.E. 925; Goddard v. Southern Desk Co., 199 N.C. 22, 153 S.E. 608. In Fox v. Great Atl. & Pac. Tea Co., 209 N.C. 115, 182 S.E. 662, plaintiff, a customer of the defendant, stepped on a beet lying on the floor which caused her to slip and fall. There was no evidence tending to show how long the beet had been on the floor. In denying recovery the court stated that the doctrine of res ipsa loquitur was not applicable. Our view of the insufficiency of the testimony to show negligence is also in accord with recent federal cases. Pennsylvania R. R. Co. v. Chamberlain, 288 U. S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Spain v. Powell, 4 Cir., 90 F.2d 580; Kelly v. Duke Power Co., 4 Cir., 97 F.2d 529.

The judgment is affirmed.