ELMER N. GRIGGS, ADMINISTRATOR OF THE ESTATE OF MARGARET YOUNG GRIGGS, DECEASED, v. SEARS, ROEBUCK & COMPANY.

(Filed 18 September, 1940.)

1. **Negligence § 4d: Evidence § 5—Evidence that floor of aisle was partly tile and partly linoleum waxed in ordinary manner held insufficient to show negligence.**

   Plaintiff's evidence tended to show that his intestate, while a customer in defendants' store, fell when she stepped from the tile floor onto a piece of waxed linoleum in an aisle maintained for the use of customers, and that the fall resulted in injuries accelerating intestate's death. Plaintiff's evidence on the issue of negligence tended only to show that the linoleum

had been waxed in the usual manner, and plaintiff relied upon the difference between the slipperiness of the tile floor and the waxed linoleum as a basis for the allegation of negligence, but offered no evidence of the smoothness or slickness of the tiling as compared with the surface of the linoleum. *Held:* The court cannot take judicial notice as being a matter within common knowledge that a difference existed between the two surfaces to such a degree as to constitute evidence of negligence, and defendants' motion for judgment as of nonsuit was properly entered.

**2. Negligence § 4d—**

A store proprietor is not an insurer of the safety of his customers and is not held to the standard of the perfectly prudent man, but is required only to exercise that degree of care which would be used by the ordinarily prudent man under the circumstances.

APPEAL by plaintiff from *Warlick, J.*, at March Term, 1940, of BUNCOMBE. Affirmed.

*Jordan & Horner for plaintiff, appellant.*
*Harkins, Van Winkle & Walton for defendant, appellee.*

SEAWELL, J. In this action plaintiff seeks to recover damages for the injury and death of his intestate, Margaret Young Griggs, which, he alleges, was caused by the negligent conduct of the defendant in maintaining a floor, or walkway, in its store in a condition dangerous for ordinary use. The negligence is alleged to have consisted in placing upon the tiled floor, and in the walkway which plaintiff's intestate had to use, a piece of linoleum upon which defendant had allowed or caused to accumulate an excessive quantity of wax, thereby producing a slippery and unsafe surface. The plaintiff's intestate, it is alleged, had completed a purchase and was leaving the store in the usual way, and placing one foot on the linoleum she slipped upon the slick surface, fell heavily to the floor, and sustained injuries which caused her death some two months later. The injury sustained, it is alleged, was in aggravation of a duodenal ulcer, which finally disrupted, or came to puncture the walls of the duodenal canal, causing death.

There was evidence supporting the allegation as to the fall of plaintiff's intestate by slipping on the linoleum and, upon a close appraisal, as to the acceleration of death by reason of the fall through such aggravation of the ulcer. But, in our opinion, the evidence did not support the allegation that an excessive or unusual quantity of wax had been allowed to remain on the linoleum, which was the condition alleged in the complaint to be the basis of the negligence charged and to be the proximate cause of the fall and injury and death.

The evidence, as we view its natural inferences, goes only so far as to show that the linoleum surface had been waxed in the usual manner.

Plaintiff here depends for recovery on the circumstance that the polished surface of the linoleum was interposed in the usual walkway and was much slicker than the rest of the floor, which consisted of tiling. He points out that this introduces the element of surprise and demands a speedier readjustment of the way of walking over other parts of the floor than could be readily made.

There is a want of evidence as to the condition of the tiling with regard to its smoothness or slickness as compared with the surface of the linoleum; and this want of direct evidence could only be supplied by assuming, as a matter of common knowledge of the materials used in the floor, that such difference existed between the surfaces. We could hardly go so far as to assume the difference existed at the time and to such a degree as to be evidence of negligence.

We are unable to interfere with the result of the trial—not so much on the theory of variance between *allegatur* and *probatur*—although in the history and light of similar cases that difference is important—but because we are unable to see evidence of negligence in the facts themselves. The Court is reluctant to advance the standard of due care to such an unreasonable length as would practically put every accident in the category of actionable negligence, or make a storekeeper the insurer of the safety of his customers. *Brown v. Montgomery Ward & Co.,* 217 N. C., 368, 8 S. E. (2d), 199; *Schwingle v. Kellenberger,* 217 N. C., 577, 8 S. E. (2d), 918; *Fox v. Tea Co.,* 209 N. C., 115, 182 S. E., 662; *Bowden v. Kress & Co.,* 198 N. C., 559, 152 S. E., 625; *Bohannon v. Stores Co., Inc.,* 197 N. C., 755, 150 S. E., 356; *Leavister v. Piano Co.,* 185 N. C., 152, 116 S. E., 405.

The measure of due care adopted in this State is that of the ordinarily prudent, not the perfectly prudent, man. *Gold v. Kiker,* 216 N. C., 511, 516, 5 S. E. (2d), 548; *Templeton v. Kelley,* 215 N. C., 577, 2 S. E. (2d), 696; *Ellis v. Refining Co.,* 214 N. C., 388, 390, 199 S. E., 403; *Boswell v. Hosiery Mills,* 191 N. C., 549, 132 S. E., 598; *Saunders v. R. R.,* 167 N. C., 375, 83 S. E., 573; *McAtee v. Mfg. Co.,* 166 N. C., 448, 82 S. E., 857; *Anderson v. R. R.,* 161 N. C., 462, 77 S. E., 402; *Comrs. v. Jennings,* 181 N. C., 393, 401, 107 S. E., 312. "No better standard has yet been devised than the care of the 'ordinarily prudent man.'" We think the rule is more tolerant than that contended for by the plaintiff. It takes into consideration the tare of carrying on, which, try as we may, we cannot wholly remove from the contract which, by being mere members, we make with society.

A marginal line, within which negligence may be reasonably discerned by the courts, emerges from the decisions in numerous cases dealing with these situations. *Brown v. Montgomery Ward & Co., supra; Schwingle v. Kellenberger, supra; Anderson v. Amusement Co.,* 213 N. C., 130, 195

S. E., 386; *Parker v. Tea Co.,* 201 N. C., 691, 161 S. E., 203; *Bowden v. Kress, supra.* See collection and comparison of cases by *Brogden, J.,* in *Bowden v. Kress, supra.*

The instant case does not fall within the field of negligence comprehended in these cases, and we are not inclined to transgress or enlarge its limits.

The judgment of nonsuit is

Affirmed.