CORA ALEXANDER ROSS v. STERLING DRUG STORE ET AL.

(Filed 23 May, 1945.)

**1. Negligence § 4b—**

The proprietor of a store is not an insurer of the safety of customers while on the premises. But he does owe them the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or unsafe conditions, in so far as can be ascertained by reasonable inspection and supervision.

**2. Negligence §§ 4b, 20—**

In an action for damages for injuries to a customer, on the premises, by the alleged negligence of the proprietor of a store, a charge by the court, imposing the duty on the defendant "to give warning of any hidden peril," without more, is in excess of the legal requirement, and entitles defendant to a new trial.

APPEAL by defendant Drug Company from *Gwyn, J.,* at December Term, 1944, of MECKLENBURG.

Civil action to recover damages for an alleged negligent injury.

The defendant Drug Company operates a drug store on the first floor of the Professional Building in the city of Charlotte. The building is owned by the Realty Company. It is in evidence that on 9 February, 1943, plaintiff was a customer in the drug store. As she was leaving through a double-door exit, which opens on Tryon Street, her coat caught on the lock or keeper of the half door that was closed or fastened, and while she was yet in the open doorway trying to release her coat, the other half door which was equipped with top door check, closed with great force, knocked her out of the doorway and down on the sidewalk, and inflicted serious injury.

The door check, which exerted force on the door to close it, and to keep it closed, was not in proper working order. It required inspection and repair, especially with reference to the fluid which it contained and which controlled its operations. Neither the landlord nor the tenant had inspected it for some time.

Upon denial of liability and plea of contributory negligence, the jury returned a verdict against the defendant Drug Company. From judgment on the verdict, the defendant appeals, assigning errors.

*Guy T. Carswell, John M. Robinson, and Hunter M. Jones for plaintiff, appellee.*

*Jones & Smathers for defendant, appellant.*

Stacy, C. J. In addition to the allegations of negligence in respect of the condition of the doorway and the operation of the door in question, it is specifically alleged that the defendants "negligently failed to give any warning thereof."

The court instructed the jury that the defendant Drug Company owed to the plaintiff, a customer and invitee, "the duty to exercise due care to keep the premises in a reasonably safe condition and to give warning of any hidden peril. That duty to use due care, to keep the premises in a reasonably safe condition, extends to any doors, door-checks and instrumentalities used to facilitate entry into and exit from the drug store."

Near the end of the charge, the jury was told that if the plaintiff had satisfied them from the evidence and by its greater weight, "the defendant was negligent, in the manner set forth in the complaint," and that such negligence was the proximate cause of the injury, the issue of negligence should be answered in favor of the plaintiff.

Thus, the defendant says, the duty to warn the plaintiff of any hidden peril was made absolute, whether known to the defendant or discoverable in the exercise of reasonable inspection and supervision. The record is

susceptible of this interpretation. We cannot say the jury did not so understand it.

The proprietor of a store is not an insurer of the safety of customers while on the premises. But he does owe to them the duty to exercise ordinary care to keep the premises in a reasonably safe condition and "to give warning of hidden perils or unsafe conditions in so far as can be ascertained by reasonable inspection and supervision." *Watkins v. Taylor Furnishing Co.,* 224 N. C., 674; *Griggs v. Sears, Roebuck & Co.,* 218 N. C., 166, 10 S. E. (2d), 623; *Williams v. Stores Co.,* 209 N. C., 591, 184 S. E., 496; *Bowden v. Kress,* 198 N. C., 559, 152 S. E., 625.

The duty imposed on the defendant, "to give warning of any hidden peril," period, appears to be in excess of the legal requirement. It doubtless prejudiced the defendant as it was reasonably calculated to do. Hence, a new trial seems necessary. It is so ordered.

New trial.