ESTHER B. REVIS v. WILLIAM W. ORR, TRADING AND DOING BUSINESS AS THE RIVERSIDE CLUB.

(Filed 19 September, 1951.)

**1. Negligence § 4f—**

The proprietor of a dance hall is not an insurer of the safety of its patrons and invitees, but is under legal duty to exercise ordinary care to keep its premises, and all parts thereof to which persons lawfully present may go, in a safe condition for the use for which they are designed and intended, and to give warning of hidden dangers and unsafe conditions in so far as they can be ascertained by reasonable inspection and supervision.

**2. Same—**

The duty of a proprietor to warn invitees of dangerous conditions or instrumentalities upon the premises is based upon the proprietor's superior knowledge concerning them, and it is only when such dangers are known to proprietor, or should be known to him in the exercise of due care, that the duty to warn obtains.

**3. Same—Evidence which fails to show that proprietor knew or should have known of danger is insufficient to withstand nonsuit.**

Evidence tending to show that a patron at a dance hall went from the well-lighted rest room into the dimly lit dance hall and, after taking about a step and a half from the rest room door, stumbled over a chair which was overturned on the floor, falling to her injury, is insufficient to be submitted to the jury in the absence of evidence as to how long the chair had been in such position before the rest room door or who had placed or knocked it there, since the evidence fails to show that the proprietor knew or should have known of the danger in the exercise of ordinary care, nor does evidence to the effect that the manager failed to perform his duty of making an inspection of the premises during the evening as he was required to do in the course of his employment, alter this result under the circumstances disclosed by the evidence.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Armstrong, J.,* at Regular July Civil Term, 1951, of BUNCOMBE. Affirmed.

Civil action to recover damages for personal injury sustained by plaintiff as a result of falling over a chair at the defendant's dance hall located in the City of Asheville and known as the Riverside Club. The chair was lying on the floor just outside of the ladies' rest room. The plaintiff fell over the chair immediately after she stepped out of the rest room door into the semi-darkness of the dance hall.

The evidence discloses that the plaintiff and her two companions went to the club early Saturday night, 5 February, 1949, and took seats in the partitioned-off booth section which partially surrounded the dance floor. As the crowd increased, tables were set up next to the wall on the other areas around the dance floor. She stayed at the club the entire evening. About 11:30 o'clock she excused herself and went to the ladies' rest room, where she remained for twenty or thirty minutes. The door to the rest room opened right off the main dance floor. As she stepped out of the rest room to return to the dance floor area, she immediately fell over a chair and fractured her left leg.

There was a table about four or five steps from the door of the rest room, and the chair which she fell over was between the door and the table. She said she took only a step and a half beyond the door before coming into contact with the chair. She further testified: "The chair was not sitting; it was lying down. The chair was turned over in the

floor. I did not see the chair before I hit it. I first saw it when I fell
over it." She further said the table and chair were not there when she
went in the rest room.

The lights in the rest room were very bright; while the lights on the
dance floor were very dim. There were rows of 10-watt bulbs painted
different colors,—"six or eight bulbs on each side of the dance floor and
maybe a string through the middle." The dance floor is from sixty to
eighty feet long and "its width about eighty per cent of its length."

One of plaintiff's witnesses who went to the rest room earlier that night
testified that in coming out onto the dance floor "you could not see; you
would have to stop and get your bearings before you went on."

There was no evidence indicating who turned the chair over or how
long it had been there before the plaintiff struck it.

From judgment of nonsuit entered at the close of plaintiff's evidence,
she appeals, assigning errors.

*Sanford W. Brown and William V. Burrow for plaintiff, appellant.*
*Harkins, Van Winkle, Walton & Buck for defendant, appellee.*

JOHNSON, J. The single question presented here is whether the court
erred in allowing defendant's motion for judgment of nonsuit.

As a general rule, a dance hall proprietor, like the occupant of any
building used for ordinary business purposes, who directly or by implica-
tion invites others to enter his place of business, is under the legal duty
to his patrons to exercise ordinary care to keep his premises, and all parts
thereof to which persons lawfully present may go, in a safe condition for
the use for which they are designed and intended, and to give warning
of hidden dangers or unsafe conditions in so far as can be ascertained by
reasonable inspection and supervision. See *Drumwright v. Theatres,*
228 N.C. 325, 45 S.E. 2d 379; *Ross v. Drug Store,* 225 N.C. 226, 34 S.E.
2d 64; *Anderson v. Amusement Co.,* 213 N.C. 130, 195 S.E. 386. How-
ever, such occupant is not an insurer of the safety of patrons and invitees
who may enter the premises. See *Pratt v. Tea Co.,* 218 N.C. 732, 12
S.E. 2d 242; *Fox v. Tea Co.,* 209 N.C. 115, 182 S.E. 662; *Cooke v. Tea
Co.,* 204 N.C. 495, 168 S.E. 679; 38 Am. Jur., Negligence, Sec. 96, pp.
754 and 755.

The liability of an occupant to an invitee for negligence in failing to
keep the premises in reasonably safe condition for the invitee, or in
failing to warn him of dangers thereon, must be predicated upon the
occupant's superior knowledge, over that of the invitee or patron, con-
cerning the dangers of the premises. And, ordinarily, it is only when
the dangerous condition or instrumentality is known to the occupant, or
in the exercise of due care should have been known to him, and not known

to the person injured, that a recovery may be permitted. *Pratt v. Tea Co., supra* (218 N.C. 732). See also 38 Am. Jur., Negligence, Sec. 97, p. 757.

In *Pratt v. Tea Co., supra, Barnhill, J.*, speaking for the Court, said:

"When claim is made on account of injuries caused by some substance on the floor along and upon which customers will be expected to walk, in order to justify recovery, it must be made to appear that the proprietor either placed or permitted the harmful substance to be there, or that he knew, or by the exercise of due care should have known, of its presence in time to have removed the danger or given proper warning of its presence."

Here, the evidence tends to show that when the plaintiff came out of the rest room a table was sitting out on or near the edge of the dance floor, some five or six steps from the rest room door; that the chair over which the plaintiff stumbled was lying between the table and the door,— only about a step and a half from the door. The evidence is silent on when or by whom the chair was knocked or placed there. Hence there is no evidence upon which to predicate a finding that the defendant knew, or in the exercise of ordinary care should have known, that the chair was lying where it was.

Nor is the plaintiff's case strengthened by the evidence of dim lighting in the dance hall. It was customary for the hall to be kept in semi-darkness to suit the wishes of the patrons. The evidence is that they "did not want too much light, they had rather be in a shady place." Anyway, the plaintiff testified that before she went in the rest room there was sufficient light in the dance hall for her to "see the people and objects around on the floor." And one of her companions said "it was light enough to have read a menu." Besides, it appears that the plaintiff was thoroughly familiar with the dance hall. She testified she had been there many times when the lighting conditions were the same. She further said: "I have been going out there three or four times a week for a period of something like four years. I knew quite a bit about the place."

We have not overlooked the statement of the witness Hudgins, manager of the club, to the effect that he made no formal "inspection through the dance hall on the particular evening," followed by his admission that "making an inspection through the dance hall was my duty and my responsibility." This, when considered with the rest of the evidence and circumstances bearing on the issue of negligence, is without material significance.

This record, when interpreted in the light of the controlling principles of law, impels the conclusion that the plaintiff failed to make out a *prima facie* case of actionable negligence against the defendant. Therefore, we

do not reach for consideration the question of contributory negligence. The judgment below is

Affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.