CHARLES I. JOHNSON, SR. v. LIBBY HILL SEAFOOD RESTAURANTS, INCORPORATED.

(Filed 2 May 1962.)

1. **Negligence §§ 37a, 37b—**

   A prospective purchaser of fish who is invited into the owner's truck for the purpose of inspecting iced fish transported in boxes, is an invitee of the truck owner and therefore the owner is under legal duty to exercise reasonable care to keep the inside of the truck in reasonably safe condition for the use for which it was designed, but the truck owner is not an insurer of the invitee's safety and the doctrine of *res ipsa loquitur* does not apply to a fall by invitee as he was leaving the truck.

2. **Negligence § 37f—**

   Evidence tending to show that a prospective purchaser of fish, after inspecting the iced fish in boxes, transported in the owner's truck, was leaving the inside of the truck, illuminated only from light coming in the open door, when he tripped over the handle of a shovel protruding from between boxes, that he put his foot out to catch himself and hit what he supposed was ice, and fell to his injury, *is held* insufficient to make out a *prima facie* case of negligence against the truck owner.

APPEAL by plaintiff from *Gambill, J.,* 6 November 1961 Civil Term of RANDOLPH.

Action *ex delicto* to recover damages for personal injuries.

Defendant in its answer denied negligence, and pleaded contributory negligence of plaintiff.

Plaintiff's evidence shows: He was employed by R. A. Parks as manager, buyer and meat cutter for that department in his food store in the town of Robbins. His duties included the buying of fish. On Thursday of each week for nearly a year defendant's same truck loaded with fish had come to Parks' store to sell fish, and once a week during that period he went into the truck to look at, pick out, and buy fish for Parks' store. Every time he went into the bed of the truck, the truck had in it boxes of fish, the fish were iced, and the bed of the truck was wet from melted ice. He was very familiar with the truck.

About 11 a. m. o'clock on 23 April 1959 defendant's same truck loaded with fish for sale came to Parks' store. It was a covered truck with two doors on the back, and had no windows. The truck inside was about seven feet high and about 72 inches wide. It had double doors opening from the outside to the left. The total width of both doors was about five feet. The inner lining of the doors consisted of rusty tin, which had broken loose. The bed of the truck was three or three and a half feet from the ground. Inside the truck on this morning were 15 or 18 boxes of fish packed in ice. These boxes of fish were about 2½ feet long, 18 inches high, 18 inches wide, and each one contained about 100 pounds of fish. The boxes of fish were stacked on each side of the truck two or three feet high. In the bed of the truck was a bucket and hand truck which he saw.

An employee of defendant asked him to "come out and see" the fish. He went out and got in the truck, and picked out 100 pounds of fish. While an employee of defendant was picking up the fish to carry in the store, he turned around to go out of the truck. In going out his left foot caught on the handle of a shovel defendant used to put ice on the fish in the boxes, and he started to fall. He put his foot out to catch himself, and hit what he supposed was ice. Both feet went out from under him, and he started sliding out of the back of the truck. As he was sliding out, he grabbed a piece of rusty tin on the back of the truck over the hinge that had broken loose, which caught his hand and scooped it out. He slid out of the truck and onto the ground in a sitting position. In the fall his back was injured. When he got in the truck, he did not see the shovel. When he stumbled over the handle of the shovel, he was within about 30 to 36 inches from the back of the truck. The handle of the shovel was sticking out between boxes of fish, and high enough to catch his foot. He did not see the shovel until he tripped over it. The truck was not artificially lighted inside, but there was daylight enough inside for him to see and pick out the fish.

From a judgment of involuntary nonsuit entered at the close of plaintiff's evidence, he appeals.

*Ottway Burton and Linwood T. Peoples for plaintiff appellant.*
*Jordan, Wright, Henson & Nichols and Karl N. Hill, Jr., By Karl N. Hill, Jr., for defendant appellee.*

PER CURIAM. Plaintiff's evidence shows that he was an invitee in defendant's truck to select and buy fish, and, therefore, defendant was under a legal duty to exercise reasonable care to keep the inside of his truck, where the fish were, reasonably safe for the use for which it was designed and intended, for plaintiff, a customer. However, defendant was not under an insurer's liability in this respect. The doctrine of *res ipsa loquitur* has no application to this case. *Garner v. Greyhound Corp.*, 250 N.C. 151, 108 S.E. 2d 461; *Revis v. Orr*, 234 N.C. 158, 66 S.E. 2d 652.

When plaintiff entered the bed of the truck there was ample daylight for him to see and select the fish he wanted to buy. He never saw the shovel until he tripped over it. In going out of the truck he tripped over it, and for the first time saw the handle of the shovel sticking out between boxes of fish. The evidence is silent as to whether the handle of the shovel was sticking out when he entered the truck. If it had been, it seems plaintiff would have seen it. There is no evidence as to how long the handle of the shovel had been sticking out between the boxes of fish, or who put it there. Plaintiff had entered this truck every week for nearly a year to select and buy fish. He knew the fish were iced and the floor of the truck was wet from melted ice. He must have known pieces of ice would be on the bed of the truck. When plaintiff entered the truck, he saw a bucket and hand truck. A shovel in the truck was large enough to be easily seen, and was not a hidden or concealed peril.

Considering the indubitable fact that this truck was designed and intended for hauling iced fish in boxes for sale, it seems to us that it was not within the reasonable foresight of the defendant that some injury would result from the condition of the inside of the truck, as shown by plaintiff's evidence, to anyone entering it to select and buy fish.

A consideration of all the evidence in the light most favorable to plaintiff, as we are required to do in passing on a motion for judgment of involuntary nonsuit, impels us to the conclusion that plaintiff has failed to make out a *prima facie* case of actionable negligence against defendant. The judgment of involuntary nonsuit is

Affirmed.