**Edna L. DUGGINS, Appellee,**

v.

**COLONIAL STORES, INC., Appellant.**

**No. 8865.**

United States Court of Appeals
Fourth Circuit.

Argued April 1, 1963.

Decided Sept. 23, 1963.

Norwood Robinson, Winston-Salem, N. C. (Hudson, Ferrell, Petree, Stockton, Stockton & Robinson, Winston-Salem, N. C., on brief), for appellant.

Eugene H. Phillips, Winston-Salem, N. C., for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and HARRY E. WATKINS, District Judge.

HAYNSWORTH, Circuit Judge.

We are concerned with the sufficiency of the evidence to support a verdict for the plaintiff who claimed damages for an injury she suffered when she fell in one of the defendant's stores. We conclude that, under the laws of North Carolina, the evidence was insufficient and that judgment *non obstante veredicto* should have been entered for the defendant.

Mrs. Duggins, with her husband, was shopping one evening in one of the defendant's grocery stores. Her foot slipped in an oily liquid on the floor, and she fell, sustaining some injury for which she seeks compensation.

There was no direct testimony as to how the liquid got on the floor or when. No witness could even state positively what it was. All agreed, however, that there was a puddle of liquid in the aisle at the moment of the fall and broken pieces of a small bottle. The bottom of the broken bottle, however, was on the bottom shelf which protruded further into the aisle than the narrower upper shelves. From the shape of the neck of the broken bottle and the fact that they ascribed an odor of pine oil to the liquid, the plaintiff and her husband speculated that it was a Texize cleaner. Such cleaning agents were not stored in the area of the fall, but shampoos were stored on the upper shelves there, and a witness for the defense thought it was a bottle of Halo Shampoo that had been knocked off the shelf and broken.

For the defense, there was positive testimony that the liquid was not on the floor a few minutes earlier. The area had been dry-mopped with a disinfectant perfumed with pine oil approximately fifteen minutes earlier. The assistant manager testified he passed over the spot of the accident only three minutes before its occurrence, and the floor was then clean.

The plaintiff sought to create a basis for an inference that the liquid had been

on the floor for some time by testimony that she and her husband smelled the odor of a disinfectant, detergent, cleanser or pine oil when they first entered the store ten to fifteen minutes before the accident and the liquid on the floor had the same or a similar odor. They testified, however, that the odor they noticed pervaded the entire store and did not vary in intensity. The plaintiff noticed the dry mop cleaning of the entire floor area, which was not completed until after her arrival.

She also suggests that the fact that the bottom of the broken bottle was on the bottom shelf might support an inference that someone had moved it from the floor of the aisle to the shelf, but a bottle accidentally knocked from an upper shelf would normally hit the protruding bottom shelf and some of its broken parts would be expected to come to rest there.

In North Carolina, as elsewhere, a storekeeper may be held liable for injury sustained by a customer as the result of a hazardous condition created by the storekeeper, intentionally or negligently. Thus, in North Carolina, storekeepers have been held liable for injuries caused by the presence on the floor in excessive quantities of such substances as wax placed there by the storekeeper.[1] He may be liable if he neglects an opportunity to eliminate a hazardous condition created by another or to give warning of it, but here the North Carolina courts have placed almost insuperable obstacles in the way of the usual plaintiff who has slipped upon or tripped over debris on the floor when the plaintiff cannot show that the storekeeper put it there. Frequently reiterating that the storekeeper is not an insurer,[2] that his care need be only ordinary,[3] and that he should not be held to a standard of care which would expose him to possible liability for accidental injuries,[4] the Supreme Court of North Carolina has consistently held that a verdict for a plaintiff may not be predicated upon proof of the occurrence and the existence of the hazardous condition which caused it. This is true though the nature of the condition may suggest that it had existed for some time. Thus testimony that the plaintiff slipped in grease that "was dusty and dirty like it had been swept over" was held insufficient to support a finding that the grease had been there a sufficient length of time that the storekeeper, exercising ordinary care, should have discovered and removed it.[5] Though a plaintiff was able to show that a manager did not make inspections he should have made, recovery was denied because of the absence of affirmative proof that the condition existed when the duty to inspect was neglected.[6] Our own court, applying the law of North Carolina, held that a plaintiff who slipped on a step could not recover because evidence that a janitor with mop and bucket was nearby was insufficient to show that the step had been made slippery by recent mopping.[7]

1. See e. g., Bowden v. S. H. Kress & Co., 198 N.C. 559, 152 S.E. 625; Parker v. Great Atlantic & Pacific Tea Co., 201 N.C. 691, 161 S.E. 209; Anderson v. Reidsville Amusement Co., 213 N.C. 130, 195 S.E. 386; Lee v. H. L. Green & Co., 236 N.C. 83, 72 S.E.2d 33.

2. See Bohannon v. Leonard-Fitzpatrick-Mueller Stores Co., 197 N.C. 755, 150 S.E. 356; Cooke v. Great Atlantic & Pacific Tea Co., 204 N.C. 495, 168 S.E. 679; Fox v. Great Atlantic & Pacific Tea Co., 209 N.C. 115, 182 S.E. 662; Brown v. Montgomery Ward & Co., 217 N.C. 368, 8 S.E.2d 199; Griggs v. Sears, Roebuck & Co., 218 N.C. 166, 10 S.E.2d 623; Pratt v. Great Atlantic & Pacific Tea Co., 218 N.C. 732, 12 S.E.2d 242; Harris v. Montgomery Ward & Co., 230 N.C. 485, 53 S.E.2d 536.

3. Griggs v. Sears, Roebuck & Co., 218 N.C. 166, 10 S.E.2d 623; Watkins v. Taylor Furnishing Company, 224 N.C. 674, 31 S.E.2d 917.

4. Griggs v. Sears, Roebuck & Co., 218 N.C. 166, 10 S.E.2d 623.

5. Pratt v. Great Atlantic & Pacific Tea Co., 218 N.C. 732, 12 S.E.2d 242.

6. Revis v. Orr, 234 N.C. 158, 66 S.E.2d 652, 28 A.L.R.2d 609.

7. Allison v. Great Atlantic & Pacific Tea Co., 4 Cir., 99 F.2d 507; and see Montgomery Ward & Company v. Bailey, 4 Cir., 271 F.2d 573; Mullen v. Winn-Dixie, 4 Cir., 252 F.2d 232.

If the application of these principles in North Carolina suggests a solicitude more tender than need be for the economic health of her storekeepers, this case is far from the extremes of that application.

In an effort to avoid the effect of the usual principles governing such cases, the plaintiff first contends that the jury would have been warranted in finding that the storekeeper actually knew of the presence of the liquid and broken glass on the floor. She assumes that the bottle fell in the aisle and that all of its pieces came to rest on the floor. From the fact that the bottom of the bottle was on the bottom shelf, she then reasons that an employee of the store saw the liquid and the broken glass, picked up one of the broken pieces of glass and placed it on the shelf and then did no more about it. Of course, the premise is unestablished, and a bottle falling from an upper shelf normally would first hit the protruding bottom shelf rather than the aisle floor.

The plaintiff's testimony about the odor she smelled upon entering the store is equally ineffective to support an inference that the liquid in which she later fell was then on the floor. There is no doubt that the cleaning of the store was still in progress when the plaintiff entered the store, for she observed it. That the odor came from the pine oil disinfectant used in the cleaning, as defense witnesses testified, is stoutly supported by the plaintiff's testimony that the odor pervaded the entire store and was no more intense in one place than another. If the source of the odor had been a liquid, spilled in one place, it would be expected that the odor would be concentrated in that area and less noticeable or undetectable over other odors in remote corners of the store.

■ Within the principles applied by North Carolina, we think the plaintiff failed to prove that the defendant placed the liquid on the floor or knew, or should have known, of its presence in time to have removed it or warned her of it. It follows that the judgment for the plaintiff cannot stand.

Reversed.

The late Judge HARRY E. WATKINS expressed his approval of the result of the foregoing opinion, but died before the opinion was prepared.