ELSIE PORTER v. MID-STATE OIL COMPANY

No. 8713DC1026

(Filed 5 April 1988)

**Negligence §§ 30.1, 31— injury while pumping gas—no knowledge of defect in pump hose—res ipsa loquitur inapplicable**

    The trial court properly directed verdict for defendant in plaintiff's action to recover for personal injuries allegedly sustained by her when she was putting gas in her car at defendant's self-service gas station, since plaintiff's evidence tended to show the existence of an unsafe condition in the form of a hole or other defect in the pump hose, but there was no evidence tending to show that defendant knew or should have known of the alleged defect in the hose; furthermore, the doctrine of *res ipsa loquitur* did not apply where the pump, which was being operated by plaintiff at the time of her injury, was not under the exclusive control of defendant at that time.

APPEAL by plaintiff from *Hooks (D. Jack, Jr.), Judge.* Order entered 4 June 1987 in District Court, BRUNSWICK County. Heard in the Court of Appeals 9 March 1988.

Plaintiff brought this action seeking to recover for personal injuries she suffered when she was putting gas in her car at defendant's self-service gas station. Plaintiff alleged that her injuries resulted when the hose portion of defendant's gas pump ruptured and squirted gasoline on her body, causing chemical burns. The trial court granted defendant's motion for a directed verdict at the close of plaintiff's evidence. Plaintiff appeals.

*O. K. Pridgen, II, for plaintiff-appellant.*

*Marshall, Williams, Gorham and Brawley, by William Robert Cherry, Jr., for defendant-appellee.*

PARKER, Judge.

Plaintiff contends that the trial court erred in granting defendant's motion for a directed verdict. She argues that her evidence was sufficient to go to the jury on the issue of defendant's negligence. We disagree and affirm the trial court's order.

In considering defendant's motion for a directed verdict, the court must view the evidence in the light most favorable to the plaintiff and give the plaintiff the benefit of every reasonable inference that can be drawn from the evidence. *Husketh v. Conven-*

*ient Systems*, 295 N.C. 459, 461, 245 S.E. 2d 507, 508-09 (1978). The motion can be granted only if the evidence is insufficient as a matter of law to support a verdict for the plaintiff. *Id.*

Plaintiff in this case testified that she pulled her car into defendant's station and picked up a pump nozzle in order to put gas in her car. While she was holding the nozzle, but before she pressed the trigger mechanism, she felt something cold on her body. When she looked to see what it was, she saw gas "going everywhere." She then dropped the nozzle and ran away. Plaintiff further testified that the gas came out of a hole in the hose about four feet below the nozzle, but she did not know how large the hole was.

Plaintiff presented one other witness who observed the incident. An attendant at another station across the street saw plaintiff at the pump. The attendant testified that she saw gas spraying as high as the top of the pump for fifteen to thirty seconds, but she could not see where the gas was coming from. She also testified that the gas continued to spray after plaintiff dropped the nozzle.

Because plaintiff was on defendant's premises as a customer, she was an invitee. *Little v. Oil Corp.*, 249 N.C. 773, 776, 107 S.E. 2d 729, 730 (1959). Therefore, defendant owed plaintiff a duty to maintain the premises in a reasonably safe condition and to warn of hidden dangers or unsafe conditions which were known or discoverable through reasonable inspection. *Id.*

Viewed in the light most favorable to plaintiff, her evidence shows the existence of an unsafe condition in the form of a hole or other defect in the pump hose. The mere existence of an unsafe condition on the premises is not, however, sufficient to establish actionable negligence on the part of defendant. Plaintiff must show that defendant either knew of the unsafe condition or should have discovered it through reasonable inspection. *Revis v. Orr*, 234 N.C. 158, 66 S.E. 2d 652, 28 A.L.R. 2d 609 (1951); *see also Graves v. Order of Elks*, 268 N.C. 356, 150 S.E. 2d 522 (1966).

In the present case, plaintiff has not presented any evidence tending to show that defendant knew or should have known of the alleged defect in the hose. Plaintiff herself testified that she did not notice anything wrong with the hose when she picked up

the nozzle. Although she testified that there was a hole in the hose, she could not describe the hole with any particularity. She presented no evidence to show the actual condition of the hose.

Under these circumstances, there is no rational basis for a jury to determine whether or for how long the hole existed before plaintiff used the pump, whether the hose ruptured because it was worn or defective, whether the hose was accidentally or intentionally damaged by another customer, whether or when the hose was inspected, or whether the defect would have been discoverable if defendant had inspected the hose. Where, as here, a finding of actionable negligence depends upon speculation, the question will not be submitted to the jury. *See Colclough v. A. & P. Tea Co.*, 2 N.C. App. 504, 163 S.E. 2d 418 (1968).

Plaintiff argues, however, that the doctrine of *res ipsa loquitur* applies in this case. If plaintiff's evidence warrants the application of the doctrine, then it is sufficient to carry the case to the jury. *Young v. Anchor Co.*, 239 N.C. 288, 291, 79 S.E. 2d 785, 788 (1954). The doctrine permits the jury to infer negligence from the mere occurrence of the accident. *Id.* at 290, 79 S.E. 2d at 787.

The doctrine of *res ipsa loquitur* will not apply when more than one inference can be drawn as to whose negligence caused the injury or when the instrumentality causing the injury is not under the exclusive management or control of the defendant. *Kekelis v. Machine Works*, 273 N.C. 439, 443, 160 S.E. 2d 320, 323 (1968). In the present case, plaintiff was operating the pump at the time of her injury. Thus, the instrumentality causing the injury was not under the exclusive control of the defendant at that time.

We recognize that, as a practical matter, defendant had exclusive control of the pump for purposes of maintenance and inspection, and there may be cases where the doctrine of *res ipsa loquitur* will apply despite the fact that a rigid application of the "exclusive control" test would preclude its application. *See Kekelis v. Machine Works, supra.* The doctrine will apply in such cases, however, only if the plaintiff offers additional evidence which negates possible causes of the injury other than defendant's negligence. As stated in *Kekelis v. Machine Works*, 273 N.C. at 444, 160 S.E. 2d at 323:

The rule of *res ipsa loquitur* never applies when the facts of the occurrence, although indicating negligence on the part of some person, do not point to the defendant as the *only* probable tortfeasor. In such a case, unless *additional evidence*, which eliminates negligence on the part of all others who have had control of the instrument causing the plaintiff's injury, is introduced, the court must nonsuit the case.

Since the actual cause of the alleged defect in defendant's hose is not addressed by plaintiff's evidence, it remains a matter of sheer speculation. Defendant's station is open to the public and the customers pump their own gas; there are, therefore, several possible causes of the defect other than defendant's negligence. Plaintiff has failed to offer evidence to negate these possibilities. Thus, the doctrine of *res ipsa loquitur* does not apply in this case.

Affirmed.

Judges ARNOLD and BECTON concur.