SIMPSON v. COTTON

[98 N.C. App. 209 (1990)]

---

CHARLES SIMPSON, PLAINTIFF v. N. GRANT COTTON, DEFENDANT

No. 8914SC584

(Filed 17 April 1990)

1. **Negligence § 31 (NCI3d) — motel shower — sudden surge of hot water — res ipsa loquitur inapplicable**

The doctrine of res ipsa loquitur did not apply to create an inference of negligence by defendant motel owner in an action by plaintiff motel guest to recover for injuries received when a sudden surge of scalding hot water came out of a shower head after he had stopped the flow of water from the shower head by pushing in the shower-bath control knob where the evidence showed that, although defendant had ex-

clusive control of the shower-bathtub controls and water heater for purposes of maintenance and inspection, defendant did not have exclusive control of the shower-bathtub controls at the time of plaintiff's injury; the physical cause of the sudden burst of hot water was a matter of sheer conjecture; and no evidence indicated that improved maintenance or inspection by defendant would have prevented the accident.

**Am Jur 2d, Negligence §§ 1819 et seq.**

2. **Negligence § 57.11 (NCI3d) — motel shower — absence of non-skid strips — no negligence**

The absence of non-skid strips on the floor of a shower in a motel would not give rise to a claim for negligence against the motel owner.

**Am Jur 2d, Negligence §§ 78 et seq.**

APPEAL by plaintiff from judgment entered 27 February 1989 by *Judge Robert L. Farmer* in DURHAM County Superior Court. Heard in the Court of Appeals 5 December 1989.

Plaintiff instituted this negligence action on 10 April 1987 by the filing of his complaint in which he alleges that defendant was negligent in the maintenance, repair and inspection of a bathtub-shower fixture and water heater under defendant's control, and that plaintiff was injured as a result of defendant's negligence. Defendant's answer denied negligence. The trial court granted defendant's motion for summary judgment. Plaintiff appeals.

On 10 April 1984, plaintiff was a paying guest at the Econo-Lodge Motel in Durham, North Carolina owned by defendant. Plaintiff and his brother were given room number 27. Plaintiff alleges that after checking into the room, he went into the bathroom to take a shower in the combination bathtub-shower (the "shower"). He adjusted the hot and cold water control knobs to a comfortable temperature. He then pulled out the shower-bath control knob so that water came out of the shower head. Plaintiff finished his shower and pushed in the shower-bath control knob. The water from the shower head stopped, but moments later, a sudden burst of scalding hot water gushed out of the shower head hitting plaintiff. Plaintiff jumped to get away from the hot water, slipped, lost his balance, and fell. Plaintiff fell on the tile floor and sustained injuries to his left leg and knee.

## SIMPSON v. COTTON

[98 N.C. App. 209 (1990)]

*Alexander Charns for plaintiff-appellant.*

*Young, Moore, Henderson & Alvis, P.A., by J. A. Webster, III, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff contends on appeal that the trial court committed reversible error in granting defendant's motion for summary judgment because genuine issues as to material facts exist. A motion for summary judgment should be granted only when, taking the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E.2d 897 (1972). A moving party may prevail by proving that the opposing party would be unable at trial to produce evidence to support an essential element of his claim. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982).

To establish a *prima facie* case of negligence, plaintiff must put on evidence that defendant had a duty to conform to a certain standard of conduct, that defendant breached that duty, that plaintiff was injured, and that plaintiff's injury was proximately caused by the breach. *Jenkins v. Stewart & Everett Theaters, Inc.*, 41 N.C. App. 262, 254 S.E.2d 776, *disc. rev. denied*, 297 N.C. 698, 259 S.E.2d 295 (1979). Also, a hotel owner is liable to a guest, who is considered a business invitee, for injuries resulting from the owner's failure to use ordinary care to keep his premises in a reasonably safe condition. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E.2d 245 (1979). A defendant owner also has a duty to warn of hidden dangers or unsafe conditions on the premises of which the defendant knows or of which, through the exercise of ordinary inspection he should know. *Porter v. Mid-State Oil Co.*, 89 N.C. App. 519, 366 S.E.2d 245 (1988); *Little v. Oil Corp.*, 249 N.C. 773, 107 S.E.2d 729 (1959).

[1] Plaintiff apparently recognizes that he is unable to show exactly what negligent act or omission by defendant caused his injury. Plaintiff therefore invites us to hold that the doctrine of *res ipsa loquitur* is applicable to create an inference of negligence from the occurrence of the incident itself under the facts of this case. This would take the question of negligence to the jury.

The doctrine of *res ipsa loquitur* has been applied to negligence actions

SIMPSON v. COTTON

[98 N.C. App. 209 (1990)]

when a thing which causes injury is shown to be under the management of the defendant, and the accident is such that in the ordinary course of things does not happen, if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.

*McPherson v. Hospital*, 43 N.C. App. 164, 167, 258 S.E.2d 410, 412 (1979), *quoting Newton v. Texas Co.*, 180 N.C. 561, 567, 105 S.E. 433, 436 (1920).

Our Supreme Court has stated that in order for the doctrine of *res ipsa loquitur* to be appropriate, the court must be able to infer negligence from the *physical* cause of an accident, without knowing the circumstances of the responsible human cause. *Kekelis v. Machine Works*, 273 N.C. 439, 160 S.E.2d 320 (1968). Also, the doctrine has no application if more than one inference may be drawn regarding negligence. *Porter v. Mid-State Oil Co., supra.* Further, use of the doctrine is improper when the existence of negligence is not the more reasonable probability, or the cause of the accident is a matter of conjecture. *Lane v. Dorney*, 250 N.C. 15, 108 S.E.2d 55 (1959), *reversed on other grounds*, 252 N.C. 90, 113 S.E.2d 33 (1960); Strong's Index 3d, Negligence §§ 6 and 6.1.

Applying these principles to the instant case, we find the doctrine of *res ipsa loquitur* inapposite. It is true that defendant had exclusive control of the shower-tub controls and water heater for purposes of maintenance and inspection. We do not find that defendant had exclusive control at the time of plaintiff's injury since plaintiff was then operating the control knobs and guests prior to him also had access to the controls. *Porter v. Mid-State Oil Co., supra.* The principal reason, however, that we decline to apply the *res ipsa* doctrine is that the cause of the sudden burst of hot water seems to us to be a matter of sheer conjecture. *Lane v. Dorney, supra.* The physical cause of the accident is unknown, *Kekelis v. Machine Works, supra,* and nothing indicates that improved maintenance or inspection by the defendant would have prevented the incident. Defendant presented uncontroverted evidence that the shower in room 27 had been used more than a thousand times both before and after plaintiff's accident without incident. We do not think that the more reasonable probable cause of the hot water surge was negligence. We, therefore, decline to

SIMPSON v. COTTON

[98 N.C. App. 209 (1990)]

apply the evidentiary principle of *res ipsa loquitur* to the facts of this case.

[2] Last, plaintiff urges that a material issue of fact remains for the jury as to whether there were non-skid strips on the floor of the shower. We do not find the determination of this question to be material to the outcome of this dispute so as to preclude the granting of summary judgment. This Court recently upheld the granting of directed verdict for a defendant hotel in which the plaintiff alleged that while he was a guest in defendant's hotel, he slipped in the bathtub and that one-half of the bathtub's bottom was not covered by non-skid strips. *Kutz v. Koury Corp.*, 93 N.C. App. 300, 377 S.E.2d 811 (1989). We stated that "[t]he bathtub here was not so unnecessarily dangerous so as to give rise to a claim of negligence." *Id.* at 304, 377 S.E.2d at 814. The *Kutz* opinion also cites with approval two cases from other jurisdictions in which the lack of a bathmat was not held to create actionable negligence. *LaBart v. Hotel Vendome Corp.*, 213 F. Supp. 958 (D. Mass 1963), and *Coyle v. Beryl's Motor Hotel*, 171 N.E.2d 355 (Ohio App. 1961). In line with *Kutz v. Koury Corp.*, *supra*, we hold that even if a jury were to determine that plaintiff is correct in asserting that there were no non-skid strips on the shower floor, this would not give rise to a claim for negligence. Therefore, this issue does not preclude the granting of summary judgment.

For the foregoing reasons, we affirm the judgment of the court below.

Affirmed.

Judges COZORT and LEWIS concur.