THOMAS E. STRICKLAND, Plaintiff-Appellant v. TOWN OF ABERDEEN, Defendant-Appellee

No. COA95-1267

(Filed 5 November 1996)

**1. Declaratory Judgment Actions § 3 (NCI4th)— negligence action—question of fact—not proper**

The trial court correctly determined that an action was not proper under the Declaratory Judgment Act where plaintiff alleged that defendant was negligent in failing to notify an insurance carrier of a cancellation and failing to notify plaintiff that he had been terminated from group coverage, and negligent in continuing to accept payments for insurance premiums. While questions of fact necessary to the adjudication of the legal questions involved may be determined in a declaratory judgment action, the remedy is not available for determination of issues of fact alone and a negligence action, with unresolved issues of fact, cannot properly be decided under the Declaratory Judgment Act.

**Am Jur 2d, Declaratory Judgments § 32.**

**Supreme Court's view as to what is a case or controversy within the meaning of Article III of federal constitution or an actual controversy within the meaning of Declaratory Judgment Act (28 USCS § 2201). 40 L. Ed. 2d 788.**

**2. Pleadings § 14 (NCI4th)— notice pleading—petition for declaratory judgment—surplusage—claim under some theory still required**

Although a plaintiff contended that the designation of the pleading in a negligence action as a "petition for declaratory judgment" was immaterial surplusage and should have been disregarded, the allegations of a mislabeled claim must still reveal that plaintiff has a claim under some legal theory.

**Am Jur 2d, Pleading § 69.**

**3. Pleadings § 117 (NCI4th)— 12(b)(6) motion to dismiss— consideration of matters outside pleadings—converted to motion for summary judgment**

A defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) was converted to a Rule 56 motion for summary judg-

ment where plaintiff filed a "Petition for Declaratory Judgment"; defendant Town filed an answer, including several motions to dismiss; after reviewing the file and hearing arguments of counsel, the trial court entered an order dismissing the action as being inappropriate under the Declaratory Judgment Act. The motion was converted to a motion for summary judgment because the trial court considered evidence outside the pleadings.

**Am Jur 2d, Summary Judgment § 13.**

**Sufficiency of showing, under Rule 56(f) of Federal Rules of Civil Procedure, of inability to present by affidavit facts justifying opposition to motion for summary judgment. 47 ALR Fed. 206.**

**4. Negligence § 95 (NCI4th)— acceptance of insurance premiums—duty owed**

Plaintiff could not establish a *prima facie* case for negligence where defendant town had accepted insurance premiums for plaintiff for COBRA coverage beyond the expiration date and forwarded them to the insurer. The facts of the case disclose no duty that defendant owed plaintiff other than the duty to utilize ordinary care in transmitting the money submitted to it to the insurer, the duty that the Town embarked upon.

**Am Jur 2d, Negligence §§ 435, 922, 1920.**

Appeal by plaintiff from order entered 7 September 1995 by Judge Michael E. Beale in Moore County District Court. Heard in the Court of Appeals 26 August 1996.

*Cunningham, Dedmond, Petersen & Smith, by Bruce T. Cunningham, Jr., for plaintiff-appellant.*

*Brown & Robbins, L.L.P., by P. Wayne Robbins and Carol M. White, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff Thomas E. Strickland was employed by defendant Town of Aberdeen until 3 September 1988. While employed with defendant, plaintiff was covered by a health insurance policy through Municipal Insurance Trust (hereinafter "Municipal Insurance"). After leaving defendant's employ, plaintiff elected to take advantage of COBRA coverage through Municipal Insurance. Defendant's Employee's

Handbook provided that "following the employee's termination, COBRA coverage is available for eighteen months." In addition, the form signed by plaintiff electing COBRA coverage, informed plaintiff that said coverage would only be available for eighteen months. As of March 1990, the eighteen month COBRA coverage expired.

Defendant was not a party to the insurance contract between plaintiff and Municipal Insurance. However, while under COBRA, plaintiff delivered his monthly premium payments to defendant which, as an accommodation, forwarded that payment to Municipal Administrative Corporation as agent for Municipal Insurance. No money was withheld or paid to defendant for this service. While plaintiff's coverage under COBRA was set to expire as of March 1990, plaintiff continued to make his monthly premium payments to Municipal Insurance in this manner, until August or September 1990.

In September 1990, plaintiff incurred approximately $4,000.00 in medical expenses. Plaintiff's coverage had expired in March 1990, and therefore, these expenses were not covered under COBRA. However, plaintiff did not receive notice of cancellation of COBRA coverage until 30 October 1990. Thereafter, defendant attempted to reimburse plaintiff $571.23 for overpaid premiums, which plaintiff refused to accept.

Consequently, on 23 June 1993, plaintiff filed a Petition for Declaratory Judgment in Moore County District Court, requesting that defendant be ordered to pay the medical bills in question. On 24 August 1993, defendant filed an Answer and Motions to Dismiss. Defendant's motions to dismiss came on for hearing before Judge Michael E. Beale on 6 September 1995. After hearing the arguments of both parties and considering all of the evidence before him, Judge Beale entered an order dismissing plaintiff's action. Plaintiff appeals.

Plaintiff's sole argument on appeal is that the trial court erred in granting defendant's motions to dismiss. We cannot agree.

[1] Generally, only questions of law are appropriate to be determined under the Declaratory Judgment Act, North Carolina General Statutes § 1-253 *et seq.* While questions of fact necessary to the adjudication of the legal questions involved may be determined in a declaratory judgment action, the remedy is not available for determination of issues of fact alone. *Insurance Co. v. Unemployment Compensation Com.*, 217 N.C. 495, 8 S.E.2d 619 (1940). As such, a negligence action, with unresolved issues of fact, cannot be properly decided under the

Declaratory Judgment Act. *See Laughter v. Southern Pump & Tank Co., Inc.*, 75 N.C. App. 185, 330 S.E.2d 51, *cert. denied*, 314 N.C. 666, 335 S.E.2d 495 (1985) (stating that a negligence case is one in which a jury as fact finder ordinarily should decide the reasonableness of a party's actions).

In the instant action, plaintiff filed a "Petition for Declaratory Judgment" in which he alleged (1) "that the Town was negligent in that it failed to notify the insurance carrier of the cancellation, and failed to notify Mr. Strickland that he had been terminated off of the group coverage as of March 3, 1990"; (2) "that the Town was negligent in continuing to accept payments for insurance premiums when it knew, or should have known, that he was not covered"; and (3) "[t]hat the [defendant] contends that it was not negligent and that the Town has no liability in the matter." Therein, on the face of plaintiff's complaint, is revealed a factual issue to be determined by a jury and not by a trial judge in a declaratory judgment action. Accordingly, the trial court correctly determined that this action was not proper under the Declaratory Judgment Act.

[2] Plaintiff also contends that the designation of the pleading as a "Petition for Declaratory Judgment" was immaterial surplusage, and should have been disregarded in the interests of justice. *See Wentz v. Unifi., Inc.*, 89 N.C. App. 33, 365 S.E.2d 198, *disc. review denied*, 322 N.C. 610, 370 S.E.2d 257 (1988) (stating that "[t]he adoption of the notice theory of pleading indicated the legislature's intention that controversies be resolved on their merits, '. . . following [ ] opportunity for discovery, rather than resolving them on technicalities of pleadings.'" *Id.* at 38, 365 S.E.2d at 200 (quoting *Smith v. City of Charlotte*, 79 N.C. App. 517, 528, 339 S.E.2d 844, 851 (1986))). Notably, however, in *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979), our Supreme Court noted that the allegations of a mislabeled claim must still reveal that plaintiff has properly stated a claim under some legal theory.

[3] Assuming *arguendo* that the designation of the pleading was mere surplusage as plaintiff contends, we must now address the proper procedural posture under which we consider this contention. If matters outside of the pleadings are presented and not excluded by the trial court, a Rule 12(b)(6) motion to dismiss is converted to a Rule 56 motion for summary judgment; and the inquiry then becomes whether there is any genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Industries,*

*Inc. v. Construction Co.*, 42 N.C. App. 259, 257 S.E.2d 50, *disc. review denied*, 298 N.C. 296, 259 S.E.2d 301 (1979). In contrast to a Rule 12(b)(6) motion, a Rule 56 motion embraces matters outside of the pleadings—for example, affidavits, depositions, and other information obtained through discovery. *Id.*

In the instant action, plaintiff filed a "Petition for Declaratory Judgment." Defendant Town filed an answer, therein including several motions to dismiss. On 6 September 1995, this matter came on for pre-trial conference and hearing on defendant's motions to dismiss. After reviewing the file and hearing arguments of counsel, the trial court entered an order on 7 September 1995, dismissing this action as being inappropriate under the Declaratory Judgment Act. As the trial court considered evidence outside of the pleadings, defendant's 12(b)(6) motion was converted to a Rule 56 motion for summary judgment.

**[4]** Our inquiry, therefore, is whether in the light most favorable to plaintiff, the evidence shows that there is no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. *See* N.C.R. Civ. P. 56; *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 329 S.E.2d 350 (1985). The moving party bears the burden to establish the lack of issue of triable fact; and may meet this burden if it can show that an essential element of the non-moving party's claim does not exist, or the non-moving party cannot produce evidence of an essential element of his claim, or cannot overcome an affirmative defense which would bar the claim. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

In order to establish a prima facie case for negligence, plaintiff must introduce evidence tending to show that "defendant had a duty to conform to a certain standard of conduct, that defendant breached that duty, that plaintiff was injured, and that plaintiff's injury was proximately caused by the breach." *Simpson v. Cotton*, 98 N.C. App. 209, 211, 390 S.E.2d 345, 346 (1990) (citing *Jenkins v. Theatres, Inc.*, 41 N.C. App. 262, 254 S.E.2d 776, *disc. review denied*, 297 N.C. 698, 259 S.E.2d 295 (1979)).

However, the facts of this case disclose no duty that defendant owed plaintiff, other than the duty that the Town embarked upon— the duty to utilize ordinary care in transmitting the moneys submitted to it to plaintiff's insurer. As plaintiff has alleged no other duty to exist, nor any breach thereof, plaintiff cannot establish a prima facie case for negligence.

HALLMAN v. CHARLOTTE-MECKLENBURG BD. OF EDUC.

[124 N.C. App. 435 (1996)]

In light of the foregoing, the trial court's decision is affirmed.

Affirmed.

Judges LEWIS and WYNN concur.