**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TAMILA SUE ROSKIEWICH,
Plaintiff-Appellant,

v.                                                              No. 97-2261

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CA-96-108-7-F)

Submitted: February 10, 1998

Decided: February 25, 1998

Before WIDENER and ERVIN, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey S. Miller, Jacksonville, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Barbara D. Kocher, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tamila Sue Roskiewich appeals from the district court's order granting the Defendant's motion for summary judgment on her complaint filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (1994). Finding no reversible error, we affirm.

Private William Currier, USMC, was convicted in Vermont of felony sex offenses against a minor in 1989. He was temporarily returned to the Marine Corps after trial. However, he committed additional offenses punishable under the punitive articles of the Uniform Code of Military Justice before he could be administratively separated. A general court-martial convicted Currier of two specifications each of rape and forcible sodomy and one specification each of unauthorized absence, false swearing, and obstruction of justice. Currier served his sentence in the brig on board Camp Lejeune Marine Corps Base, North Carolina. Military authorities eventually approved Currier for external work details. Currier escaped from custody while working on one of these details in 1992. Guards noticed Currier's absence within a few minutes and initiated procedures pursuant to a contingency plan. This plan included a press release notifying the local media of the escape. The press release contained Currier's photograph and a description of his prior offenses.

Roskiewich alleged that she was shopping in a local K-Mart on the afternoon following Currier's escape. She was in a rear aisle of the store when Currier allegedly grabbed her from behind and sexually molested her. Currier beat Roskiewich when she started screaming for help. Currier fled but was captured by military authorities the next day. Currier ultimately pled no contest to attempted rape and assault in a state court.

Roskiewich's complaint alleged that military authorities were negligent in allowing someone with Currier's history of sexual assault to

2

work on external work details. She further alleged that the military was negligent in supervising Currier on the day of his escape. Roskiewich did not depose any witnesses during discovery, nor did she identify any experts in the area of prison security. Instead, she relied primarily on her own deposition testimony, the unsworn statements of two brig guards, and the theory of res ipsa loquitur.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, we must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. See Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted Defendant's motion.

Roskiewich failed to provide any direct evidence of negligence. The decision to allow Currier to work on external work details is protected by the discretionary function exception to the Federal Tort Claims Act.[1] We also reject Roskiewich's claim that military authorities negligently supervised Currier on the day of his escape.[2] Roskiewich relies primarily on two unsworn statements by brig guards. In one statement, a guard, who was not one of the escorts assigned to Currier's work detail, stated that on the morning of Currier's escape he overheard Currier saying something to the effect that "the place will light up like a Christmas tree." The guard immediately confronted Currier, who denied that he meant anything by the statement. The guard ordered Currier to be quiet and get back in line. In the other statement, a guard stated that after the escape he was approached by a "Corporal Hill," who said that he overheard Currier say that he was going to "swoop."

_____

[1] 28 U.S.C. § 2680(a) (1994).

[2] We note that Roskiewich does not allege that military authorities were negligent in their search for Currier.

3

Appellant alleged that these statements put the military on notice that Currier was planning to escape. We disagree. As for the first statement, Roskiewich failed to present any evidence that such comments by prisoners were unusual or that the guard had a duty to report the incident. In regard to the second statement, Roskiewich failed to produce a statement from "Corporal Hill" or to provide any clue as to "Corporal Hill's" identity or the time frame and context of Currier's alleged statement that he was going to "swoop." Accordingly, we find that the district court properly concluded that Roskiewich failed to present sufficient evidence of negligence.

We reject Roskiewich's contention that North Carolina law required the district court to infer negligence from the fact that there was an escape. The cases she relies on have been superseded by more recent statutes. See, e.g., N.C. Gen. Stat.§ 162-59 (1997) ("Neither the person having custody of the prisoner nor any jailer may be held liable for the actions of any prisoner, including those actions committed during and after the escape of a prisoner, while the prisoner is outside their supervision pursuant to this section.").[3] Finally, we find that the district court properly declined to apply the theory of res ipsa loquitur. Under North Carolina law, the doctrine is inapposite in cases such as this where the cause of the incident is a matter of conjecture and the plaintiff could have used the discovery process to determine the human cause. See Simpson v. Cotton, 390 S.E.2d 345, 347 (N.C. Ct. App. 1990).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[3] This statute was in effect in its current form at the time of the offenses in question.

4